## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH A. BELCIK,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:17-mc-01566-RDP |
| **UNITED STATES OF AMERICA, et al.,** | } |
| Respondents. | } |

## **MEMORANDUM OPINION**

This miscellaneous action is before the court on: (1) Petitioner's Complaint to Quash (Doc. # 2); (2) the Motion to Dismiss filed by Respondent Bank of America (Doc. # 6); (3) the Motion to Dismiss Petition to Quash, or, Alternatively, Motion for Summary Judgment filed by Respondents United States of America, John Randall Clark, and Dan Itchue (Doc. # 12); and (4) the Motion for Leave to File Revised Evidentiary Submission in Place of the Prior Filed Evidentiary Submission filed by Respondents United States, Clark, and Itchue (Doc. # 15). Petitioner has responded to Bank of America's motion to dismiss (Doc. # 7), and Petitioner has responded to the court's September 2017 Show Cause Order. (Doc. #11). On March 27, 2018, the court held a telephone status conference on the record, during which the court and the parties discussed the pending motions.

In this miscellaneous action, Petitioner seeks to quash two administrative summonses issued by Internal Revenue Service ("IRS") employee Clark to Respondents Bank of America and Regions Bank. Petitioner insists that the summonses violate the Internal Revenue Code, the Fourth Amendment, and the Fifth Amendment. Respondent Bank of America seeks dismissal

because it argues that no claim has been asserted against it. Respondent United States seeks dismissal on the grounds that Petitioner has failed to properly serve it and Petitioner has failed to state a ground for relief.

### I. Respondents Bank of America and Regions Bank are Due to be Dismissed

Petitioner has argued that Respondent Bank of America violated an automatic stay of the summons provided for in 26 U.S.C. § 7609(d) when it submitted bank records to the IRS on May 26, 2017. (Doc. # 7 at 2). Respondent Clark has confirmed that Respondent Bank of America submitted records to the IRS in response to the summons. (Doc. # 15-2 at 3). But, Clark has not examined the records and has securely stored them away due to this pending action. (*Id.*). Respondent Regions Bank has produced no responsive records to Clark. (*Id.*). After careful review, the court concludes that Bank of America and Regions Bank are due to be dismissed from the action for two reasons.

First, Bank of America and Regions Bank are not proper respondents to a petition to quash filed under § 7609. Several courts have concluded that the United States is the only proper respondent to a petition to quash filed under § 7609. *Wood v. United States*, No. JKB-15-3311, 2016 WL 3027530, at *1 n. 2 (D. Md. May 27, 2016) (dismissing the IRS's commissioner and an IRS agent as respondents); *Brown v. United States*, No. 5:11-CV-143-D, 2011 WL 2470732, at *1 n. 1 (E.D.N.C. June 20, 2011) (observing that the United States is the only proper respondent to a petition to quash an IRS third-party summons), *adopted*, 2011 WL 4090931 (E.D.N.C. Aug. 15, 2011); *Putnam v. United States*, No. RWT-09-CV-1229, 2009 WL 2447944, at *1 n. 1 (D. Md. Aug. 4, 2009) (same). In light of this persuasive authority, Respondents Bank of America and Regions Bank are due to be dismissed from this action.[1]

---

[1] Similarly, Respondents Clark and Itchue are due to be dismissed from this action because they are not proper respondents either. *Wood v. United States*, 2016 WL 3027530, at *1 n. 2.

Second, the court concludes that Petitioner has failed to allege any viable claim against Bank of America or Regions Bank. Petitioner has offered no explanation regarding how Regions violated § 7609 (*see generally* Doc. # 2), and Clark's affidavit testimony demonstrates that Regions submitted no materials to the IRS in response to the summons. Petitioner argues that Bank of America violated the restriction on examining records when it submitted records to the IRS. But, § 7609 of the Internal Revenue Code only provides for quashing a summons, and it does not establish a private cause of action for monetary or injunctive relief against a private party such as Bank of America or Regions. *See Zajac v. Clark*, No. 2:13-cv-714-FtM-29DNF, 2015 WL 179333, at *8 (M.D. Fla. Jan. 14, 2015); *Tift v. I.R.S.*, No. Co8-332MJP, 2008 WL 2397537, at *3 (W.D. Wash. June 10, 2008). Because the court finds no private cause of action in § 7609 to authorize a suit against Respondents Bank of America or Regions, Respondents Bank of America and Regions Bank are due to be dismissed from this action, and Bank of America's Motion to Dismiss (Doc. # 6) is due to be granted.

## II. Petitioner Has Not Properly Served the United States

Respondent United States has moved for the court to dismiss this action for improper service. (Doc. # 14 at 6-8). As the court explained to Petitioner during the status conference, it agrees with the Government that a petitioner filing a proceeding to quash must provide notice in accordance with § 7609(b)(2)(B) *and* serve the United States within ninety days pursuant to Federal Rule of Civil Procedure 4(i). *Mollison v. United States*, 568 F.3d 1073, 1076 (9th Cir. 2009) (explaining that a petitioner must mail the petition to quash to the parties identified in the summons and serve the United States in accordance with Rule 4); *Faber v. United States*, 69 F. Supp. 2d 965, 966-67 (W.D. Mich. 1999) (explaining that the petitioner was not entitled to a default ruling in his favor because he had not served the United States according to Rule 4(i));

3

*Zajac v. United States*, No. 2:11-cv-469-FtM-29SPC, 2011 WL 7485386, at *2-3 (M.D. Fla. Sept. 21, 2011) (concluding that the court lacked personal jurisdiction over the United States because the petitioner never served the United States in accordance with Rule 4(i)). In light of Petitioner's *pro se* status and the uniqueness of the service rules applicable to this action, the court finds good cause to grant him additional time to complete service, if he intends to go forward with this action.

### III.     Petitioner Must Respond to the United States' *Prima Facie* Case of Good Faith

Petitioner has challenged the summonses under § 7609. The United States has responded that Clark properly issued the summonses pursuant to a delegation of authority. (Doc. # 14 at 5-6). Because the summonses have been challenged,

> the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession, and (4) that it has taken the administrative steps necessary to the issuance of a summons.

*La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985) (citing *United States v. Powell*, 379 U.S. 48, 57-59 (1964); *United States v. Centennial Builders, Inc.*, 747 F.2d 678, 680 (11th Cir. 1984); *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983)). "The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts."[2] *Id.* To show that enforcing the summons would constitute an abuse of process, the petitioner challenging it must disprove one of the elements of the *prima facie* showing. *Id.* at 979-80.

---

[2] This burden-shifting standard does not appear to include a "motion-to-dismiss stage" in which the United States can challenge the validity of the petition to quash based on the plausibility of the allegations made therein. Therefore, the court will defer its consideration of the United States' legal arguments against the Fourth Amendment and Fifth Amendment claims made in the petition to quash until after Petitioner responds to the Government's motion.

4

Proceedings to quash an IRS third-party summons, while adversarial, are generally "summary in nature." *United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014) (quoting *United States v. Stuart*, 489 U.S. 353, 369 (1989)). The petitioner may present arguments and evidence to contest the validity of the summons. *Id.* But, a petitioner must meet a higher evidentiary burden to receive an evidentiary hearing.

> As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. . . . The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive. That standard will ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing.

*Id.* at 2367-68.

The United States has submitted Clark's affidavit regarding the disputed summonses, and the court finds that the affidavit meets the Government's *prima facie* burden of establishing their validity. *La Mura*, 765 F.2d at 979. Accordingly, Petitioner must disprove one of the *Powell* elements. If Petitioner effectuates service on the United States, the court will grant him an opportunity to respond and do so. Having said that, the court reminds Petitioner that his written response to the United States' *prima facie* case must contain all challenges to the summonses that he wishes to pursue. Petitioner is remanded that the court "may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of 'overseeing the IRS's determinations to investigate.'" *Clarke*, 134 S. Ct. at 2367 (quoting *Powell*, 379 U.S. at 56) (alterations adopted).

## IV. Conclusion

For the reasons explained above, Respondent Bank of America's Motion to Dismiss (Doc. # 6) is due to be granted. Respondents Regions Bank, Clark, and Itchue are also due to be dismissed from this action. Petitioner must perfect service upon the United States within thirty (30) days of the entry of this Memorandum Opinion and the associated Order. If Petitioner perfects service upon the United States, he shall submit a response to the Government's Motion for Summary Judgment (Doc. # 12) on or before [seven days after service deadline]. If Petitioner fails to perfect service upon the United States within thirty days, the court shall dismiss this petition. Finally, if Petitioner fails to respond to the Motion for Summary Judgment in a timely manner, the court shall rule on Respondent's motion without delay.

**DONE** and **ORDERED** this April 2, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE