UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH A. BELCIK, } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:17-mc-01566-RDP |
| } | |
| UNITED STATES OF AMERICA, } | |
| } | |
| Respondent. } | |

**MEMORANDUM OPINION**

This case is before the court on Petitioner's Complaint to Quash (Doc. # 2), Respondent's Motion to Dismiss Petition to Quash, or, Alternatively, Motion for Summary Judgment (Doc. # 12), Respondent's Motion for Leave to File Supplemental Declaration of John Clark, Internal Revenue Agent (Doc. # 18), and Petitioner's Motion to Quash (Doc. # 23). The parties have fully briefed the issues in this case (*see* Docs. # 2, 14, 18, 21, 23), and it is ripe for review. After careful review, and for the reasons explained below, the court concludes that Petitioner's petition and motion (Docs. # 2, 23) are due to be denied, and Respondent's motions (Docs. # 12, 18) are due to be granted.

**I.     Factual and Procedural Background**

John Clark, a revenue agent employed by the Internal Revenue Service ("IRS"), investigated Petitioner to determine whether he owed federal individual income tax for the year 2016. (Doc. # 13-1 at 2). On April 19, 2017, Clark informed Petitioner by letter that the IRS had not received a federal income tax return from him. (Doc. # 18-1 at 2). Clark sent Petitioner

an IRS publication informing him that the IRS might contact third parties during the investigation. (*Id.* at 3, 6).

On May 1, 2017, Clark issued summonses to Bank of America and Regions Bank pursuant to 26 U.S.C. § 7602. (Doc. # 13-1 at 2-3). Clark demanded records for all accounts, loans, and credit devices issued to Petitioner. (*Id.*). Clark provided notice of the summonses to Petitioner at his last known address. (*Id.* at 3). Clark received records from Bank of America, but no records from Regions Bank. (*Id.*). Clark avers that he needs to examine the records to properly determine Petitioner's income tax liability for the year 2016 and that the IRS does not currently possess the books, papers, and records received from Bank of America. (*Id.*). The summonses reflect that Clark issued them and Daniel Itchue, a supervisory internal revenue agent, approved them. (*See* Doc. # 13-2 at 2; 13-3 at 2).

In May 2017, Petitioner sought to quash the summonses issued to Bank of America and Regions Bank. (*See* Doc. # 2). Petitioner claims in his Complaint to Quash that Clark lacked authority to issue a summons on behalf of the IRS and the United States. (*Id.* at 3-5). Petitioner also claims that the summonses violate 26 U.S.C. § 7609 and the Fourth and Fifth Amendments. (*Id.* at 4-6). In an April 2018 opposition brief, Petitioner argues that Clark failed to inform him of the IRS's ability to contact third parties before he issued the summonses to Bank of America and Regions Bank because Clark used an outdated IRS publication. (Doc. # 21 at 1-5). In his May 2018 Motion to Quash, Petitioner contends that Clark and Itchue lacked any authority to issue the summonses because he does not have a "pocket commission." (*See* Doc. # 23 at 1). Moreover, Petitioner contends that the IRS's chief counsel never reviewed the summonses before issuance. (*See id.* at 20). Finally, Petitioner seeks an evidentiary hearing to investigate whether Clark and Itchue acted in bad faith when issuing the summonses. (*Id.* at 36-39).

II.     **Analysis**

As explained below, Petitioner offers no arguable basis for quashing the IRS's summonses.[1]

A.      **Petitioner's Fourth Amendment Challenge to the Summonses Fails**

Petitioner argues that the IRS's summonses to Bank of America and Regions Bank violate his Fourth Amendment rights. (*See, e.g.*, Doc. # 2 at 6). The Eleventh Circuit recently considered and rejected a Fourth Amendment challenge to an IRS summons directed towards a bank because the third-party doctrine precludes any argument that the taxpayer has a reasonable expectation of privacy in those records. *Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018). Likewise, Petitioner's Fourth Amendment challenge to the summonses at issue here fails.

B.      **Petitioner's Fifth Amendment Challenge to the Summonses Fails**

Petitioner argues that the IRS's summonses to Bank of America and Regions Bank violate the Fifth Amendment. (*See, e.g.*, Doc. # 2 at 4). To the extent Petitioner intends to raise a self-incrimination claim, this constitutional claim also is barred by prior Eleventh Circuit precedent. In *United States v. Centennial Builders, Inc.*, 747 F.2d 678 (11th Cir. 1984), the Eleventh Circuit ruled that an IRS summons issued to a third party cannot implicate a taxpayer's Fifth Amendment privilege against self-incrimination because "a taxpayer cannot assert the privilege if the summons seeks no testimony or information from the taxpayer." *Id.* at 683. Clearly, the IRS's summonses to Bank of America and Regions Bank seek no testimony or records from Petitioner himself. Therefore, Petitioner's Fifth Amendment right against self-incrimination is not implicated by the subpoenas.

---

[1] In his Complaint to Quash, Petitioner asserts that Clark's conduct violated the separation-of-powers doctrine. (Doc. # 2 at 5). Petitioner has not cited -- and the court's independent research has not found -- any authority to support the propositions that Clark's actions violated the separation of powers or that Clark, as an IRS employee, is an officer or inferior officer that must be appointed in accordance with Article II of the Constitution. Therefore, this claim is denied without further discussion.

To the extent Petitioner is arguing for a right to cross-examine the banks (or their employees) as adverse witnesses (*see* Doc. # 2 at 4), Petitioner cannot raise a Confrontation Clause claim in this proceeding. It is well settled that the Sixth Amendment's constitutional protections, including the Confrontation Clause, are limited to criminal prosecutions. *United States v. Ward*, 448 U.S. 242, 248 (1980); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 n. 13 (11th Cir. 2001) ("Of course, the Confrontation Clause is not applicable to civil cases . . . ."). Petitioner's petition to quash the IRS's summonses is a civil proceeding. *See Anaya v. United States*, 815 F.2d 1373, 1375 (10th Cir. 1987) (emphasizing that a proceeding under 26 U.S.C. § 7609 is a civil proceeding). Therefore, the Sixth Amendment's constitutional protections simply are inapplicable here.

**C.    Petitioner Has Failed to Rebut the IRS's Evidence that It Properly Issued the Summonses**

Petitioner has challenged the summonses under § 7609. The United States has responded that Clark properly issued the summonses pursuant to a delegation of authority. (Doc. # 14 at 5-6). Because the summonses have been challenged,

> the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession, and (4) that it has taken the administrative steps necessary to the issuance of a summons.

*La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985) (citing *United States v. Powell*, 379 U.S. 48, 57-59 (1964); *Centennial Builders*, 747 F.2d at 680; *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983)). "The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *Id.* To show that enforcing the summons would constitute an abuse of process, the petitioner challenging it must disprove one of the elements of the *prima facie* showing. *Id.* at 979-80.

Proceedings to quash an IRS third-party summons, while adversarial, are generally "summary in nature." *United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014) (quoting *United States v. Stuart*, 489 U.S. 353, 369 (1989)). The petitioner may present arguments and evidence to contest the validity of the summons. *Id.* But, a petitioner must meet a higher evidentiary burden to receive an evidentiary hearing.

> As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. . . . The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive. That standard will ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing.

*Id.* at 2367-68. The court has discretion in deciding whether to order the questioning of IRS agents. *Id.* at 2368. The court's inquiry into a summons is limited to determining whether the IRS issued it in good faith. *Id.* at 2367. The court "must eschew any broader role of overseeing the IRS's determinations to investigate." *Id.* (alterations adopted).

As the court stated in its earlier order, Clark's affidavit meets the Government's *prima facie* burden to establish the summonses' validity. (Doc. # 20 at 5). *See also La Mura*, 765 F.2d at 979. Liberally construed, Petitioner's arguments only challenge the first and fourth elements of the *prima facie* showing. The court finds no viable challenge to the IRS's legitimate purpose for issuing the summonses. The IRS may issue a summons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting any such liability." 26 U.S.C. § 7602(a). Clark issued the summonses to determine Petitioner's tax liability. (Doc. # 13-1 at 3).

While Petitioner argues that Clark lacked a pocket commission[2] and conducted an "off the books" investigation through the summonses, he wholly fails to support these charges with credible evidence that Clark acted for any purpose other than investigating Petitioner's tax liability. (Doc. # 23 at 2). *See also Clarke*, 134 S. Ct. at 2367-68 (requiring the taxpayer to produce "some credible evidence of his charge" of improper motive). Therefore, the court finds no basis for allowing Petitioner an evidentiary hearing to explore whether the IRS conducted its investigation for a legitimate purpose.

Petitioner raises several challenges to the IRS's and Clark's compliance with the necessary administrative steps. The government's failure to follow a particular administrative step does not necessarily bar enforcement of the summons, so long as the government acts in good faith and there is no material injury to the taxpayer. *United States v. Bank of Moulton*, 614 F.2d 1063, 1066 (5th Cir. 1980); *Azis v. U.S. I.R.S.*, 522 F. App'x 770, 777 (11th Cir. 2013) ("[N]othing in the language of the Internal Revenue Code mandates the non-enforcement of an IRS summons because of an infringement of the Code."). First, Petitioner argues that the IRS failed to provide him reasonable notice "that contacts with persons other than the taxpayer may be made" during its investigation because Clark sent him an outdated version of an IRS publication containing this disclosure. (Doc. # 21 at 1-4); 26 U.S.C. § 7602(c)(1). This argument is meritless because Clark notified Petitioner in April 2017 that the IRS might contact other persons during the investigation, it might need to provide them limited information, and its "need to contact other persons may continue as long as there is activity in your case." (Doc. # 18-1 at 2-3, 6). Even if Clark sent Petitioner an outdated IRS publication, the publication Petitioner received contained the prior notice required by § 7602(c)(1).

---

[2] A pocket commission is an identification badge issued to an IRS employee as a means of identifying himself to the public when performing his official duties. *See* Internal Revenue Manual § 1.16.4.1.

Second, Petitioner argues that the Government lacks authority to seek enforcement of the summonses because the IRS's Chief Counsel has not authorized this proceeding. (Doc. # 23 at 2) (discussing 26 U.S.C. § 7803(b)). As Petitioner asserts, Congress has granted the IRS's Chief Counsel authority "to determine which civil actions should be litigated under the laws relating to the Internal Revenue Service." 26 U.S.C. § 7803(b)(2)(E). The IRS has a referral procedure for defending petitions to quash a summons or motions to enjoin a summons. *See* Internal Revenue Manual § 34.6.3.4(5). Petitioner offers no evidence, beyond his bare assertion, to show that the U.S. Attorney's Office is defending this petition to quash proceeding without authorization from the proper official. (*See* Doc. # 23 at 2). As such, the court declines to order an evidentiary hearing to explore this issue further because there is no evidence from which the court may infer an improper motive by the IRS. Moreover, the court finds no logical connection between the Government's administrative requirement to obtain approval before defending an IRS summons in federal court and the IRS's good faith in issuing the summons. *Cf. Clarke*, 134 S. Ct. at 2367. This argument is meritless and merits no further discussion.

Third, Petitioner argues that Clark and Itchue lacked authority to authorize the summonses because neither of them have a pocket commission. (Doc. # 23 at 1, 3-4). Again, Petitioner offers no evidence beyond his bare assertions to support that contention. Petitioner states that his bare assertion "was confirmed by the Department of the Treasury" following a Freedom of Information Act inquiry (Doc. # 23 at 6), but he offers no proof of any communication with the Treasury Department. Because Petitioner offers no credible evidence to support this claim, the court denies it without an evidentiary hearing. *See Clarke*, 134 S. Ct. at 2367-68.

The court has liberally construed Petitioner's *pro se* filings, *Winthrop-Redin v. United States¸* 767 F.3d 1210, 1215 (11th Cir. 2014), but finds no basis to support Petitioner's arguments that the IRS engaged in an abuse of process. Because Petitioner offers no credible evidence to support his arguments for quashing the summonses, his Complaint to Quash (Doc. # 2) and Motion to Quash (Doc. # 23) are due to be denied without an evidentiary hearing.

**IV. Conclusion**

For the reasons explained above, Respondent's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. # 12) is due to be granted. Petitioner's Complaint to Quash (Doc. # 2) and Motion to Quash (Doc. # 23) are due to be denied. Petitioner's Motion for Leave to File Supplemental Declaration of John Clark (Doc. # 18) is due to be granted because Clark's supplemental affidavit is relevant to the issues before the court and Petitioner has responded to the affidavit (*see* Doc. # 21). An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 24, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE